## Spence v. Caesars Paradise Stream Resort

*Philip V. Mattes,* for plaintiffs.
*Timothy G. Lenahan,* for defendant.

MILLER, *J.,* February 2, 1994—On July 11, 1991, plaintiffs Josefina and Robert Spence were taking a bike ride while guests of defendant Caesars Paradise Stream Resort. Defendant provided to its guests the bicycles and the bicycle path. Plaintiff Josefina Spence alleges that the brakes failed as she was traveling down-

hill, and to avoid a collision with an oncoming automobile she was forced "to take drastic evasive action" and leap off her "speeding, run-away bicycle." As a result, plaintiff suffered injuries described as cuts, contusions, lacerations, post-traumatic median nerve paralysis/compression of the right wrist which required surgery and permanent scars on her hands and knees.

On November 26, 1991, plaintiffs instituted this action by writ of summons. A complaint was filed on February 18, 1992, in which plaintiffs allege that Josefina's bike spill and her resultant injuries were due to defendant's negligence in maintaining the bicycle, failing to test or inspect it, failing to inform the plaintiffs the bicycle was not working properly, and allowing use of this dangerous instrumentality. Plaintiff Josefina Spence seeks recovery for injuries sustained as well as loss of wages. Plaintiff Robert Spence seeks recovery for loss of consortium.

Defendants filed an answer and new matter on March 11, 1992, to which plaintiffs responded on March 17, 1992. On August 3, 1992, defendant filed a motion to compel discovery; plaintiffs replied on September 14, 1992 that they were complying with defendant's requests with regard to the interrogatories.

Thus, it would seem that procedurally this action was moving along as smoothly as "a ride in the park." However, this was prior to the weighty issue of the bike inspection which is now before this court.

Plaintiffs sent a notice of inspection to defendant on July 19, 1993. They requested to inspect "bike no. 13" which is the alleged cause of plaintiff's woes. The parties indicate that this inspection did take place on August 3, 1993 at the resort. The inspection was performed by a Mr. David Diehl, a local bicycle repairman, and lasted approximately one hour.

On October 15, 1993, plaintiffs requested that a second inspection be conducted November 11, 1993 by a different expert, one Tom Lacek, a mechanical engineer employed by Smith and Robson, Inc. (whose laboratory is somewhere "out of town," the exact location not having been revealed to this court). This second request is being resisted by defendant, who on November 1, 1993 filed a motion to quash the inspection and requested a protective order to prevent plaintiffs from conducting any further inspections. Both parties have presented briefs and oral arguments.

Basically, defendant's position is that this second inspection would cause defendant unreasonable annoyance, oppression, burden and expense under Pa.R.C.P. 4011(b). Therefore, defendant argues, a protective order pursuant to Pa.R.C.P. 4012. This second inspection, defendant contends, is nothing more than a duplication of the prior inspection which plaintiffs wish to conduct so that they can "expert shop" to find an expert who supports their theory of the case.

Plaintiffs respond that defendant has not met its burden of showing the request to be unreasonable under Rule 4011. Further, plaintiffs assert that they intend to use the testimony of both experts, and thus are not "expert shopping."

This court notes the dearth of controlling authority on this issue, as evidenced by the parties' reliance on common pleas cases, as well as our own research. We, therefore, agree with the position taken by the Honorable Judge Lewis of Luzerne County, who wrote in *Bealla v. Zuba,* 4 D.&C.2d 545 (1955):

"Inasmuch as there has been little judicial interpretation of these rules, we feel constrained to give weight to the commentary (of the drafters) indicating that a liberal construction is intended and that the judicial

sanction of a protective order should rarely be used. If we are not to create 'judicial legislation' therefore, persuasive reasons must be advanced in behalf of a protective order praying that the deposition shall not be taken.

"Although there is, in fact, no burden of proof resting upon either party in the matter now before us, it would nevertheless seem that someone must have, at least, a burden of persuasion. In the absence of any specific rule creating that burden, the moving party, under general rules of procedure, must bear it." *Id.* at 548.

In the instant case, defendant has not explained to the satisfaction of this court how a second inspection of the bicycle would be unduly burdensome. We fail to see how, even if we were to agree that plaintiffs were on a fishing expedition, this necessarily translates to an unreasonable hardship for defendant. To that end, defendant's reliance on *Farmer v. Supermarkets General Corp.,* 10 D.&C.4d 500 (1991) is misplaced. That opinion dealt with an interpretation of Pa.R.C.P. 4010, which governs the physical examination of people, not bicycles. An attempt to force a party to undergo a second physical examination, for no other reason than the examining physician was confused as to which side he had been hired by, is plainly a great deal more annoying than the request presently under consideration.

In another case, the Court of Common Pleas of Lebanon County denied a request for a protective order where defendants requested second depositions of four individuals. The court noted that all deposition-taking creates some degree of annoyance, but found that the benefits to be obtained would override any annoyance or harassment. *Lynn Engineering & Mfg. Co. v. Achey (No. 2),* 73 D.&C.2d 129 (1976).

Similarly, a second bicycle inspection may create some annoyance for defendant, but it does not necessarily follow that the annoyance is therefore "unreasonable" pursuant to Pa.R.C.P. 4011(b). Accordingly, we enter the following order.

## ORDER

And now, February 2, 1994, defendant's motion for a protective order and motion to quash are denied.